# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PLAINTIFF WILMINGTON SAVINGS
FUND SOCIETY, FSB, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY
AS TRUSTEE FOR RESIDENTIAL
INVESTMENT TRUST,[1]

    Plaintiff,

v.                                                                                      Case No. 8:25-cv-1615-TPB-NHA

GEORGIA REID,

    Defendant.
_____/

## ORDER REMANDING CASE

This matter is before the Court *sua sponte* on Defendant Georgia Reid's notice of removal. (Doc. 1). After reviewing the notice of removal, court file, and the record, the Court finds as follows:

The present case stems from a mortgage foreclosure action filed on May 21, 2025, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, by Plaintiff Wilmington Savings Fund Society, FSB, not in its Individual Capacity but Solely as Trustee for Residential Investment Trust. On June 23, 2025, Defendant attempted to remove the case from state court. In the notice of removal, Defendant contends that jurisdiction is proper because "it arises under the National Housing Act (12 U.S.C. §§ 1701 to 1750g), Federal Consumer Protection Laws, including the Fair

---

[1] Although Defendant lists "Selene Finance LP, as Servicer for Pretium SMA Manager, LLC" as the plaintiff in her notice of removal, the proper plaintiff in the state court case – and therefore, in this removed case – is "Wilmington Savings Fund Society, FSB, not in its Individual Capacity but Solely as Trustee for Residential Investment Trust."

Debt Collection Practices Act (FDCPA, 15 U.S.C. § 1692 et seq.), the Fair Credit Reporting Act (FCRA, 15 U.S.C. § 1681 et seq.), and the Fifth and Fourteenth Amendments to the U.S. Constitution." As to the constitutional claims, Defendant believes that Plaintiff "seeks to deprive [her] of her secured right to shelter and private property under color of state law and without proper judicial due process." As explained below, this matter does not belong in federal court.

Under 28 U.S.C § 1331, district courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of § 1331, the Court applies the well-pleaded complaint rule to determine whether a claim arises under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001).

Here, Plaintiff brought a verified mortgage foreclosure action in state court pursuant to state law. Although Defendant did not include copies of the state court filings with her notice of removal, the Court has reviewed the state court docket. The complaint does not assert a cause of action under the United States Constitution or any federal statute, nor does Plaintiff's right to foreclose depend on the resolution of any federal issue. *See Smith*, 236 F.3d at 1310 ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (internal quotations omitted). As a result, this Court lacks

subject matter jurisdiction. This case is therefore remanded to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This action is **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, due to lack of subject matter jurisdiction.

2. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>25th</u> day of June, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE